**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DELORES AMMONS-LEWIS,<br>the mother and/or next best friend of A.A.,<br>a minor, | ) ) ) | |
|       Plaintiff, | ) ) ) | Case No.: 1:20-cv-01319 |
|   vs. | ) ) | |
| DOLTON SCHOOL DISTRICT 149<br>and UNKNOWN SECURITY GUARD, | ) ) ) | |
|       Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DELORES AMMONS-LEWIS (hereinafter "PLAINTIFF"), the mother and/or next best friend of A.A., a minor, by and through her attorney, Jeffrey C. Grossich, Esq., of The Blake Horwitz Law Firm, Ltd., and pursuant to this Complaint at Law against Defendants, DOLTON SCHOOL DISTRICT 149 and UNKNOWN SECURITY GUARD, states as follows:

### I.     JURISDICTION

1.     The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. § 1331 and § 1343(a), the Constitution of the United States, and this Court's supplementary jurisdiction powers.

### II.     PARTIES

2.     PLAINTIFF, DELORES AMMONS-LEWIS, is a resident of the State of Illinois and a citizen of the United States.

3.     PLAINTIFF is the mother of A.A., a minor child.

4.     PLAINTIFF is the legal guardian of A.A., a minor child.

1

5.     DEFENDANT DOLTON SCHOOL DISTRICT 149 ("DEFENDANT DISTRICT"), is a duly incorporated municipal corporation and is the employer and principal of DEFENDANT UNKNOWN SECURITY GUARD.

6.     At all times material to this Complaint, DEFENDANT UNKNOWN SECURITY GUARD was employed by and acting on behalf of DEFENDANT DISTRICT.

7.     At all times material to this Complaint, DEFENDANT UNKNOWN SECURITY GUARD was acting under color of law, ordinance, and/or regulation, statutes, custom and usages of DEFENDANT DISTRICT.

### III.     FACTS

8.     Caroline Sibley Elementary School is a school of DEFENDANT DISTRICT located at or near 1550 Sibley Boulevard, Calumet City, Illinois 60409.

9.     A.A. is a student at Caroline Sibley Elementary School.

10.     A.A. is currently a kindergarten student at Caroline Sibley Elementary School.

11.     DEFENDANT UNKNOWN SECURITY GUARD is a security guard at Sibley Elementary School.

12.     On February 20, 2020, A.A. was present at Caroline Sibley Elementary School.

13.     On February 20, 2020, DEFENDANT UNKNOWN SECURITY GUARD was present at Carline Sibley Elementary School.

14.     On February 20, 2020, DEFENDANT UNKNOWN SECURITY GUARD violently picked A.A. up off the ground and slammed A.A. onto a tabletop.

15.     DEFENDANT UNKNOWN SECURITY GUARD picked A.A. up off the ground and slammed A.A. onto a tabletop without provocation or justification.

16.     When DEFENDANT UNKNOWN SECURITY GUARD picked A.A. off the ground, A.A.'s movement was restricted.

17.     When DEFENDANT UNKNOWN SECURITY GUARD picked A.A. off the ground, A.A. did not feel free to leave.

18.     On February 20, 2020, DEFENDANT UNKNOWN SECURITY GUARD put his hand on A.A.'s neck.

19.     On February 20, 2020, DEFENDANT UNKNOWN SECURITY GUARD put both of his hands on A.A.'s neck.

20.     On February 20, 2020, DEFENDANT UNKNOWN SECURITY GUARD put both of his hands on A.A.'s neck and squeezed A.A.'s neck.

21.     On February 20, 2020, DEFENDANT UNKNOWN SECURITY GUARD choked A.A.

22.     DEFENDANT UNKNOWN SECURITY GUARD choked A.A. without provocation or justification.

23.     When DEFENDANT UNKNOWN SECURITY GUARD choked A.A., A.A.'s movement was restricted.

24.     When DEFENDANT UNKNOWN SECURITY GUARD choked A.A., A.A. did not feel free to leave.

25.     As a result of the excessive for used against A.A. by DEFENDANT UNKNOWN SECURITY GUARD, A.A. suffered from bruising on his neck.

26.     As a result of the excessive force used against A.A. by DEFENDANT UNKNOWN SECURITY GUARD, A.A. suffered injuries to his neck and back, among other injuries.

27.     As a result of the excessive force used against A.A. by DEFENDANT UNKNOWN SECURITY GUARD, A.A. suffered emotional and psychological injuries, among other injuries.

**COUNT I**
**§1983 Unlawful Seizure**
**(DEFENDANT UNKNOWN SECURITY GUARD)**

28.     The PLAINTIFF hereby incorporates by reference Paragraphs 1 through 27 above as though fully alleged herein.

29.     DEFENDANT UNKNOWN SECURITY GUARD violated A.A.'s clearly established constitutional right to be free from unlawful searches and seizures.

30.     The conduct of DEFENDANT UNKNOWN SECURITY GUARD alleged above violated the Fourth Amendment to the United States Constitution.

31.     The aforementioned actions of DEFENDANT UNKNOWN SECURITY GUARD were the direct and proximate cause of the constitutional violations set forth above, and A.A. suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT UNKNOWN SECURITY GUARD and such other additional relief as this Honorable Court deems equitable and just.

**COUNT II**
**§1983 Excessive Force**
**(DEFENDANT UNKNOWN SECURITY GUARD)**

32.     The PLAINTIFF hereby incorporates by reference Paragraphs 1 through 27 above as though fully alleged herein.

33.     DEFENDANT UNKNOWN SECURITY GUARD violated A.A.'s clearly established constitutional right to be free from excessive force.

34.     The conduct of DEFENDANT UNKNOWN SECURITY GUARD alleged above violated the Fourth Amendment to the United States Constitution.

35.     The aforementioned actions of DEFENDANT UNKNOWN SECURITY GUARD were the direct and proximate cause of the constitutional violations set forth above, and A.A. suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT UNKNOWN SECURITY GUARD and such other additional relief as this Honorable Court deems equitable and just.

### COUNT III
### State Law False Arrest
### (DEFENDANT UNKNOWN SECURITY GUARD)

36.     The PLAINTIFF hereby incorporates by reference Paragraphs 1 through 27 above as though fully alleged herein.

37.     DEFENDANT UNKNOWN SECURITY GUARD unlawfully restricted the movement of A.A.

38.     The aforementioned actions of DEFENDANT UNKNOWN SECURITY GUARD were the direct and proximate cause of the violations of Illinois law set forth above, and A.A. suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT UNKNOWN SECURITY GUARD and such other additional relief as this Honorable Court deems equitable and just.

**COUNT IV**
**State Law Battery**
**(DEFENDANT UNKNOWN SECURITY GUARD)**

39.     The PLAINTIFF hereby incorporates by reference Paragraphs 1 through 27 above as though fully alleged herein.

40.     DEFENDANT UNKNOWN SECURITY GUARD purposefully touched the person of A.A. in an unlawful, unwarranted, and offensive manner, absent A.A.'s consent.

41.     As a result of the battery acted upon A.A. by DEFENDANT UNKNOWN SECURITY GUARD, A.A. was injured and suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT UNKNOWN SECURITY GUARD and such other additional relief as this Honorable Court deems equitable and just.

**COUNT V**
**State Law Willful and Wanton Conduct**
**(DEFENDANT DOLTON SCHOOL DISTRICT 149)**

42.     The PLAINTIFF hereby incorporates by reference Paragraphs 1 through 41 above as though fully alleged herein.

43.     A.A. is a student at Caroline Sibley Elementary School, which is owned, operated, and/or controlled by DEFENDANT DISTRICT.

44.     DEFENDANT DISTRICT agreed and did undertake to provide for the supervision, care, and safety of students, including A.A., at the premises of Caroline Sibley Elementary School.

45.     As the owner and/or operator of Caroline Sibley Elementary School, DEFENDANT DISTRICT had a duty to exercise reasonable care to protect the health and well-being of students, including A.A.

46.     As such, DEFENDANT DISTRICT owed a duty of care to A.A.

47.     DEFENDANT DISTRICT had a duty to refrain from engaging in willful and wanton conduct.

48.     DEFENDANT DISTRICT committed willful and wanton conduct when DEFENDANT DISTRICT hired DEFENDANT UNKNOWN SECURITY GUARD.

49.     DEFENDANT DISTRICT committed willful and wanton conduct when DEFENDANT DISTRICT retained DEFENDANT UNKNOWN SECURITY GUARD.

50.     DEFENDANT DISTRICT committed willful and wanton conduct when DEFENDANT DISTRICT exposed A.A. to DEFENDANT UNKNOWN SECURITY GUARD.

51.     DEFENDANT DISTRICT acted with a conscious disregard for A.A.'s welfare.

52.     The acts and/or omissions of DEFENDANT DISTRICT proximately caused the injuries suffered by A.A., and A.A. suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT DISTRICT and such other additional relief as this Honorable Court deems equitable and just.

## COUNT VI
## 745 ILCS 10/9-102 Claim
### (DEFENDANT DOLTON SCHOOL DISTRICT 149)

53.     The PLAINTIFF hereby incorporates by reference Paragraphs 1 through 41 above as though fully alleged herein.

54.     DEFENDANT DISTRICT is the employer of DEFENDANT UNKNOWN SECURITY GUARD.

55.     DEFENDANT UNKNOWN SECURITY GUARD, as alleged above, committed the acts under color of law and in the scope of employment with the DEFENDANT DISTRICT.

WHEREFORE, should DEFENDANT UNKNOWN SECURITY GUARD be found liable for any of the alleged counts in this cause, the PLAINTIFF demands that, pursuant to 745 ILCS

10/9-102, the DEFENDANT DISTRICT pay the PLAINTIFF any judgment obtained against DEFENDANT UNKNOWN SECURITY GUARD as a result of this Complaint.

## COUNT VII
### *Respondeat Superior*
### (DEFENDANT DOLTON SCHOOL DISTRICT 149)

56.     The PLAINTIFF hereby incorporates by reference Paragraphs 1 through 41 above as though fully alleged herein.

57.     DEFENDANT DISTRICT is the employer of DEFENDANT UNKNOWN SECURITY GUARD.

58.     The aforesaid acts of DEFENDANT UNKNOWN SECURITY GUARD were committed within the scope of his employment and, therefore, DEFENDANT DISTRICT, as principal, is liable for the actions of its agent under the doctrine of *respondeat superior*.

WHEREFORE, should DEFENDANT UNKNOWN SECURITY GUARD, in his individual capacity, be found liable for any of the alleged counts in this cause, the PLAINTIFF demands that, pursuant to the doctrine of *respondeat superior*, DEFENDANT DISTRICT pay any judgment obtained against DEFENDANT UNKNOWN SECURITY GUARD.

## JURY DEMAND

The PLAINTIFF demands trial by jury.

Respectfully submitted,

*s/Jeffrey C. Grossich*
Attorney for Plaintiff

Jeffrey C. Grossich, Esq.
The Blake Horwitz Law Firm, Ltd.
111 W. Washington St., Ste., 1611
Chicago, IL 60602
Tel: (312) 676-2100
Fax: (312) 445-8741
jgrossich@bhlfattorneys.com